Scates, Justice, delivered the opinion of the court: Petition and summons on the following note: “$500. On or before the first day of January, 1838, we or either of us promise to pay William Beeman, or order, five hundred dollars, for value rec’d. Witness our hands and seals, this 28th day of June, 1837. ‘ Charles Gregory, [seal.' Chester Swallow, [seal.] ” Endorsed : “I assign the within note to John W. Scott, for value received. [* 393] William Beeman.” The first plea was in substance, that this note was assigned after it became due; that the consideration of the note, with others, was the covenants contained in two several title bonds, executed on the same day with the note, one by William Beeman to Gregory & Swallow, whereby he bound himself, in the penalty of $2000, to convey to them one undivided eighth part of the north west fractional quarter of section thirty-six [36], in township eleven [11] north, range fourteen [14] west, containing 136& acres, by deed in fee simple, (excepting a certain lot in the town of Newport, and certain ferry landings,) which he had sold to Gregory & Swallow on the day of making the note. The other title bond was made by William Beeman, John Beeman, Jesse H. Rogers, and John W. Scott, to Gregory & Swallow, in the same penalty, reciting a similar sale, of an undivided eighth part of six other tracts of land, and covenanting to convey, by deed in fee simple, with general warranty, with relinquishment of dower. The conveyances were to be made on or before the first day of February, 1836. The plea goes on to aver that neither at the time of the making the bonds, nor at the time when the conveyances should have been made, nor since, has the said William Beeman had any title whatever to the land mentioned in the bond; and a similar averment as to the others; and so they conclude that the consideration has wholly failed. The second plea sets out the same contracts and considerations, and avers that they have not, nor has either of them, ever made or executed any deed of conveyance whatever, of the said lands to the said Gregory & Swallow, or any part thereof; that the note was assigned after it became due; and so concludes that the consideration has wholly failed. A demurrer to these pleas was sustained, and this decision is now assigned for error. The jjayunent of this money was certainly a condition precedent to the conveyance, and therefore the second plea is clearly bad. The first plea sets up a want of title at all times, and shows an inability to perform the covenant; or in other words, an inability to convey to Gregory & Swallow the fee simple which was the consideration of the money. If it be true that the title or estate m fee to these lands is the true consideration for which they were to pay this money, and if it be true that at the time they seek to coerce the payment of this money, they have no estate in the land, although they should have conveyed before that time, all which is admitted by the demurrer, I am of opinion the statute authorizes the defendants below to say the consideration has wholly failed, notwithstanding they had agreed to pay [* 394] this money a month before they were entitled to ask a conveyance ; and notwithstanding also the plaintiffs below might have compelled them to pay the money before the day for the conveyance, by reason of their inability to prove that they could not acquire the title by the day for conveyance. It is no answer, in my judgment, now to say that the plaintiffs in error hold covenants upon which they may recover adequate damages. It is said the law does not require a useless thing, that it abhors a multiplicity of actions. Wherefore then allow this recovery, upon the principle that the covenants, and not the title and estate, are the consideration, and then, in an action of covenant, give back the same money, with costs. The statute has authorized the defendants below to resist the payment, where they are unable to obtain the true consideration. They did not bargain for the covenants, but for the estates. The covenants were only intended to secure and enable them to obtain the consideration ; and upon these they must rely for their remedy, as to all the conditions precedent to be performed by them, if they are unable to prove the want or failure of the considerations. I should by no means regard it as a want or failure of consideration, that the covenantor had no title at the time of making the covenant, or at the time of the performance of a condition precedent by the other party, for peradventure he may obtain title, by or before the day of conveyance. The difficulty is in the proof, and not in the inapplicability of the defense. The old doctrine, holding a promise to be the consideration of a promise, should only be applied where no other consideration can be found available to sustain the agreement of the parties. Here we find another, a better, and á surer one. We reach the same goal by a shorter route. If the parties are enabled to sustain their contract by the performance of the consideration, we allow them to rescind it at once, and without the delay, the circuity of action and cost occasioned by allowing the plaintiffs to recover the money on the note, and the defendant to recover it back upon the breach of covenant. By the delay in bringing this action, the defendants are enabled to prove their defence, by showing the inability of the obligors to assure the estate; and it seems to me to savor more of technicality, harshness, nay injustice, than of reason or equity, to say to them, because you agreed to pay a month before you were entitled to a conveyance, that you must now pay the money, and sue upon your covenant, although you are ready and able to show that the covenantors are not able to convey the estate which they agreed to convey in 1838. It is the opinion of the court that the first plea is a good bar to the right of recovery. The judgment is reversed with costs, and the cause is remanded, with leave to the plaintiff to withdraw the de- [* 395] murrer and file a replication.